IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT E. SAMPSON,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:12cv00244 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **JACK LEE, et al.,** | ) | By: Pamela Meade Sargent |
| Defendants | ) | United States Magistrate Judge |

The pro se plaintiff, Robert E. Sampson, is a Virginia Department of Corrections, ("VDOC"), inmate formerly housed at Middle River Regional Jail, ("Middle River"). Sampson was housed at Middle River during all times relevant to this action. This case is before the court on the plaintiff's Order to Show Cause For A Motion For Preliminary Injunction, (Docket Item No. 61), ("Motion"), seeking injunctive relief. The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

*I. Facts*

Sampson brings this civil rights action against Middle River, its Medical Department, various VDOC officers and various medical personnel, alleging claims arising from a trip and fall in the recreation yard injuring his ankle, the subsequent medical treatment received for his ankle injury and a 14-day period during which he was removed from a no-pork special diet. The Motion pertains

only to the medical treatment received for his ankle injury. In the Motion, Sampson apparently seeks injunctive relief ordering the following:[1]

1. An MRI of Sampson's ankle to establish the nature and extent of his injury.

## II. Analysis

"The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Furthermore, a preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)). The party seeking entry bears the burden to establish that these factors support granting a preliminary injunction: (1) the likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (2) the likelihood of harm to the opposing party if the requested relief is granted; (3) the movant's likelihood of succeeding on the merits of the action; and (4) the public interest. *See Equity in Athletics, Inc. v. Dep't of Educ.,* 504 F. Supp. 2d 88, 99 (W.D.Va. 2007) (citing *Direx Israel, Ltd.*, 952 F.2d at 812).

---

[1] This is a liberal reading of the Motion, as Sampson does not clearly identify exactly what injunctive relief he is seeking. In the Motion, Sampson states: "I suffer 'Irreparable harm" by permanent damage and loss of movement by being denied an MRI to establish the extent of my injury!" He further states that "[g]ranting this motion would … provide a dia[g]nosis of my internal injury!"

-2-

Based on the information currently before the court, I find that Sampson has failed to establish that the entry of a preliminary injunction is appropriate. I find that Sampson has failed to demonstrate any likelihood of success on the relief requested. In particular, the record before the court shows that Sampson has been transferred to St. Brides Correctional Center in Chesapeake, Virginia, (Docket Item No. 45), and he has not demonstrated that any of the defendants can provide the relief requested. While defendant Dr. Quinones, a doctor who provides medical services to inmates at Middle River, might have been able to have ordered such an MRI if Sampson remained housed at Middle River, Sampson has not demonstrated that Dr. Quinones can order an MRI now that he has been transferred to another facility.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Sampson has failed to demonstrate any likelihood of success on the relief requested; and
2. Sampson has failed to demonstrate that the entry of a preliminary injunction is appropriate.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 31st day of October, 2012.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE